IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WESLEY ROBERT SIMS**                                              **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:24-cv-00179-LG-BWR**

**KEITH MILLER, et al.**                                       **DEFENDANTS**

## ORDER OF DISMISSAL

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Wesley Robert Sims is an inmate of the Mississippi Department of Corrections ("MDOC"), currently housed at the Stone County Correctional Facility in Wiggins, Mississippi. (Notice at 1, ECF No. 14). He brings this Complaint under 42 U.S.C. § 1983 against Judge Keith Miller, Probation Officer Joshua Finkley, and Public Defender Michael Cunningham. (Compl. at 2-3, ECF No. 1). Sims is proceeding *in forma pauperis*. (Order, ECF No. 8). For the reasons set forth below, the Court finds that this case should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### I. BACKGROUND

Sims is currently incarcerated following the "revocation of [his] probation." (Resp. at 1, ECF No. 12). His probation was revoked after he absconded from supervision, and he was "sentenced to [serve the] remainder" of his original sentence, "which is 7 [years]." (*Id.*) Neither the revocation of his probation nor the resulting sentence has been reversed, expunged, declared invalid, or otherwise called into question. (*Id.*)

Sims alleges that Probation Officer Finkley issued a warrant for his arrest on April 22, 2024.  (*Id.*)  Sims' revocation hearing was held on May 21, 2024, more than 21 days later, which he believes violates Mississippi Code § 47-7-37.  (*Id.*)  Sims argues that § 47-7-37 requires a probationer "be placed back on probation [and] released from custody" if he is not "brought before the court" within 21 days of his arrest.[1]  (*Id.*)

Sims alleges that Judge Miller "sentenced [him] outside of Mississippi Law" by not following § 47-7-37.  (*Id.*).  Thus, Sims insists that he was "unlawfully sentenced."  (Compl. at 7, ECF No. 1).  He claims that Probation Officer Finkley "failed to get [him] before [the] court within [the] specified time."  (Resp. at 1, ECF No. 12).  And he states that Public Defender Cunningham "refused to defend [him] under [§] . . . 47-7-37."  (*Id.* at 2.)  Allegedly, Cunningham told Sims that "the 21

---

[1]   The statute provides:

> Whenever an offender is arrested on a warrant for an alleged violation of probation as herein provided, the department shall hold an informal preliminary hearing within seventy-two (72) hours of the arrest to determine whether there is reasonable cause to believe the person has violated a condition of probation.  A preliminary hearing shall not be required when the offender is not under arrest on a warrant, or the offender signed a waiver of a preliminary hearing.  The preliminary hearing may be conducted electronically.  If reasonable cause is found, the offender may be confined no more than twenty-one (21) days from the admission to detention until a revocation hearing is held.  If the revocation hearing is not held within twenty-one (21) days, the probationer shall be released from custody and returned to probation status.

Miss. Code Ann. § 47-7-37(3).

days had come and gone" and then refused to "bring up this law to Judge [Miller]" during the revocation hearing. (*Id.*)

Sims asks to be "[r]eleased from MDOC custody," and to be "compensated for loss of wages of $5,000.00 per month." (Compl. at 5, ECF No. 1). He also seeks $20,000.00 in punitive damages for the "emotional damage this has done to [him] as well as [his] family." (*Id.*) Sims' request for immediate release was severed into another lawsuit under 28 U.S.C. § 2254, (Order, ECF No. 4), and his habeas claims are being heard in that case, *Sims v. Miller, et al.*, No. 1:24-cv-00190-HSO-MTP (S.D. Miss.). This case concerns only Sims' "claims for damages" arising under § 1983. (Order at 2, ECF No. 4).

## II. DISCUSSION

### A. The Prison Litigation Reform Act

Because Sims is proceeding *in forma pauperis*, (Order, ECF No. 8), his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in either law or fact." *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020). "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief."

*Id.*

In an action proceeding under § 1915, courts may "evaluate the merit of the claim *sua sponte.*" *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action *sua sponte.*

Having conducted the required screening, the Court finds that Sims' claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and are thus both frivolous and fail to state a claim upon which relief may be granted. *See Jones v. McMillin*, No. 3:12-cv-00865-CWR-FKB, 2013 WL 1633336, at *2 (S.D. Miss. Apr. 16, 2013) (dismissing *Heck*-barred claims "as legally frivolous and for failure to state a claim"). Sims' claims against Public Defender Cunningham must also be dismissed because Cunningham is not a state actor for purposes of § 1983.

B. Analysis

1. *Heck* Bar

"In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983."

4

*Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87). "*Heck* requires the district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quotation omitted). "This requirement or limitation has become known as the favorable termination rule." *Id.* (quotation omitted). *Heck* applies with equal force to "claims that challenge revocation proceedings." *Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005).

Success on Sims' § 1983 claims would necessarily imply the invalidity of his probation revocation and the resulting sentence. Sims asks the Court to conclude that he was "unlawfully sentenced" because Defendants disregarded his alleged right to release under § 47-7-37. (Compl. at 7, ECF No. 1); *see also* (Resp. at 1-2, ECF No. 12). But Sims admits that the sentence resulting from the probation-revocation proceedings does not satisfy *Heck*'s favorable termination rule. (Resp. at 1, ECF No. 12). That is, Sims' probation revocation and the resulting sentence have not "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *See Heck*, 512 U.S. at 487.

Thus, Sims cannot maintain his § 1983 claims against these Defendants. *See Cougle v. Cnty. of Desoto*, 303 F. App'x 164, 165 (5th Cir. 2008) ("Cougle has not

5

demonstrated that the revocation of his probation has been reversed, expunged, set aside or called into question as required by *Heck* as a prerequisite for this case to proceed."). This case must be dismissed with prejudice as frivolous and for failure to state a claim until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (directing that *Heck*-barred claims should be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

    2. <u>Public Defender Cunningham</u>

Sims' claims against Public Defender Cunningham are subject to dismissal for another reason. To maintain an action under § 1983, Sims must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. 42 U.S.C. § 1983. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Section 1983 "was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys." *O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972). "The court-appointed attorney, like any retained counsel, serves his client . . . [and] not the state." *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976).

Sims does not allege that Cunningham acted on behalf of the state or in collusion with the state while representing him—only that the quality of his representation fell below reasonable professional standards. (Resp. at 2, ECF No.

6

12).  This ineffective-assistance-of-counsel claim against Public Defender Cunningham is not cognizable under § 1983.  *E.g.*, *Sellers v. Haney*, 639 F. App'x 276, 277 (5th Cir. 2016); *Shadley v. Biloxi Police Dep't*, No. 1:08-cv-00083-HSO-JMR, 2008 WL 4861984, at *1 (S.D. Miss. Nov. 10, 2008).

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) until the *Heck* conditions are met.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Wesley Robert Sims' claims against Defendant Public Defender Michael Cunningham are separately **DISMISSED WITH PREJUDICE** because Cunningham is not a state actor for purposes of 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  Sims is advised that, if he receives three strikes, "he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury."  *Garcia v. Glenn*, 839 F. App'x 927, 928 (5th Cir. 2021) (citing 28 U.S.C. § 1915(g)).  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 19th day of November, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE